Lorraine P. Ocheltree (SBN 151791)
Patrick S. Salceda (SBN 247978)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1127
Tele: 415.957.3000 / Fax: 415.957.3001
E-Mail:   lpocheltree@duanemorris.com
          psalceda@duanemorris.com


Joseph A. Ciucci (to seek *pro hac vice* admission)
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309-3929
Tele: 404.253.6988 / Fax: 404.393.0744
E-Mail:   ciucci@duanemorris.com

Attorneys for Defendant CORT BUSINESS SERVICES CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE POLLAR, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>CORT BUSINESS SERVICES CORPORATION, a Delaware Corporation, and DOES 1 through 100,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT CORT BUSINESS SERVICES CORPORATION**<br><br>[Alameda County Superior Court Case No. RG17859665]<br><br>*[Filed Concurrently with Certificate of Interested Entities and Persons and Civil Cover Sheet.]* |

DM2\8190855.3
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL
COURT BY DEFENDANT CORT BUSINESS SERVICES CORPORATION

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant CORT Business Services Corporation ("CORT") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Alameda, Case No. RG17859665, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453. Defendant's removal petition is based on the following: (1) there are at least 498 class members in the purported class; (2) the amount in controversy exceeds the jurisdictional minimum; and (3) diversity of citizenship exists between Plaintiff Eugene Pollar and Defendant CORT.

## I.  THE STATE COURT ACTION

1. Plaintiff Eugene Pollar ("Plaintiff") filed a Complaint in the Superior Court of California, County of Alameda, captioned *Eugene Pollar on behalf of himself, all others similarly situated, and on behalf of the general public, v. Cort Business Services Corporation and DOES 1-100*, case number RG17859665 on or about May 9, 2017. A true and correct copy of the Complaint and Summons are attached as "Exhibit A."

2. Within the original Complaint, Plaintiff alleged that he was employed by Defendant CORT, that CORT was "a leading agricultural hauler in the State of California, picking up and delivering agricultural products throughout the state of California[,]" and that CORT "hauls agricultural freight throughout the state of California." (Ex. A, ¶¶ 1, 3, and 37.)

3. CORT is not an agricultural hauler and does not deliver agricultural products or freight in any state including California, and CORT has found no record of employment of anyone named Eugene Pollar.

4. On or about August 16, 2017, Plaintiff filed a First Amended Class Action Complaint for Damages, Injunctive Relief, Declaratory Relief, and Restitution in the Superior Court of California, County of Alameda, captioned *Eugene Pollar on behalf of himself, all others similarly situated, and on behalf of the general public, v. Cort Business Services Corporation and DOES 1-100*, case number RG17859665. The First Amended Complaint changed the operative facts and provided more certainty regarding who was the intended defendant, alleging CORT "provides furniture rental for home and office, event furnishings, destination services, apartment locating,

touring and other services." The First Amended Complaint and Summons were served on CORT's registered agent for service of process on August 24, 2017. A true and correct copy of the First Amended Complaint (hereinafter "FAC" or "operative complaint") and Summons are attached as "Exhibit B."

5. Plaintiff alleges in the operative complaint class-wide claims for: (1) Failure to Pay All Straight Time Wages; (2) Failure to Pay Overtime; (3) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512); (4) Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090); (5) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code § 226); (6) Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§ 201-203); (7) Fraud; and (8) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).

## II. VENUE

6. The Superior Court of California, County of Alameda, is located within the territory of the Northern District of California. Therefore, venue for purposes of removal is proper pursuant to 28 U.S.C. section 84 (c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. section 1441(a).

## III. INTRADISTRICT ASSIGNMENT

7. Removal and Intradistrict Assignment to the Northern division of this Court is proper because the alleged acts in the operative complaint arose in the County of Alameda.

## IV. JURISDICTION AND REMOVABILITY PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8. Based on Defendant's investigation of the relevant records, this Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and accordingly Defendant may remove this action pursuant to 28 U.S.C. § 1441. Original jurisdiction exists here because there are at least 100 class members in the proposed class, the combined claims of all class members exceeds $5 million, and Defendant is a citizen of a different state than at least one class member.

## V. THE CLASS ACTION FAIRNESS ACT PERMITS REMOVAL

9. As set forth below, Plaintiff's claim are removable under 28 U.S.C. § 1332(d).

10. Under CAFA, the Federal District Court has jurisdiction if:

   i. There are at least 100 class members in the proposed plaintiff class;

   ii. The combined claims of all class members exceed $5 million; and

   iii. Any class member (named or not) is a citizen of a different state than any defendant.

28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

11. In *Dart Cherokee*, the U.S. Supreme Court held that a removal must only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 132 S.Ct. 547 (2014) (quoting 28 U.S.C. § 1446(a)). The Court noted that this same language is used for the pleading standard in Rule 8(a) of the Federal Rules of Civil Procedure. *Id.* The Court further held that a removing defendant need not submit evidence with its pleading which establishes that the elements of federal subject matter jurisdiction are met. *Id.*. Only if the court or another party challenges jurisdiction should the court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met. *Id.* at 553-54. The Court summarized its holding as follows: "[i]n sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554.

### A. There Are at Least 100 Class Members in the Proposed Plaintiff Class

12. Plaintiff purports to bring and maintain this action as a class action under California Civil Procedure Code Section 382 (Ex. C, FAC ¶ 42.) Plaintiff seeks to represent a class of similarly situated employees consisting of: "All persons who are employed or have been employed by Defendants in the State of California as hourly, Non-Exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and title during the period of the relevant statute of limitations." (hereinafter "the Class") (Ex. C, FAC ¶ 42).

13. Plaintiff also seeks to represent eleven (11) Sub-classes of: (1) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 5 hours"; (2) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours"; (3) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours"; (4) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 12 hours"; (5) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 3 hour and one-half hours, but less than or equal to 6 hours"; (6) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours, but less than or equal to 10 hours"; (7) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES

in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours"; (8) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who separated their employment from Defendants"; (9) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in which they received a wage statement for the corresponding pay period"; (10) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who were subject to auto-deduct, when they were not relieved of all duties"; (11) "All persons who are or have been employed by CORT BUSINESS SERVICES CORPORATION and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who were subject to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when the employees were performing work tasks, subject to the control of employer and/or otherwise had work duties." (Ex. C; FAC at ¶ 42.)

14. The operative complaint alleges that there are at least 50 persons who meet the class or sub-class definitions. However, Defendant has undertaken to count the number of employees it employed in California during the purported Class Period. Defendant presently employs at least 258 non-exempt employees that meet the Plaintiff's purported class or sub-class definitions in California and employed at least that many during much of the purported Class Period. Furthermore, Defendant

has identified at least 240 former non-exempt employees that meet Plaintiff's sub-class definition. Therefore, the number of putative class members exceeds 100 individuals and the first requirement for CAFA jurisdiction is satisfied.

### B. The Combined Claims of All Class Members (the "Amount in Controversy") Exceed $5 Million.

15. With respect to CAFA's $5,000,000 threshold for the "amount in controversy," it is measured by the maximum amount that the putative class could potentially recover, in the aggregate, based on the allegations and is not the same as the amount ultimately recovered. *See Lara v. Trimac Transp. Servs. Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). In assessing the amount in controversy, a court must "assume that all the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). In other words, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commn'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "To establish the amount in controversy, a defendant "need not concede liability for the entire amount," and it is error for a district court to require such a showing. *Lewis*, 627 F.3d at 400; *see also Angus v. Shiley, Inc.*, 989 F. 2d 142, 146 (3d Cir. 1993)("the amount in controversy is not measure by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)(stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint," and that the court may also consider summary-judgment type evidence relevant to the amount in controversy at the time of removal (citations omitted).

16. The operative complaint contains eight (8) causes of action for: (1) failure to pay all straight time wages; (2) failure to pay overtime wages; (3) failure to provide meal period (Lab. Code §§ 226.7, 512; (4) failure to authorize and permit rest periods (Lab. Code §§ 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090); (5) knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code § 226);

(6) failure to pay all wages due at the time of termination of employment (Lab. Code §§ 201-203); (7) fraud; and (8) violation of unfair competition law (Bus. & Prof. Code § 17200, et seq.).

17. Based on the foregoing causes of action, Plaintiff seeks to maintain a class action, recover compensatory damages, recover economic and/or special damages, recover wages, overtime, and additional wages pursuant to the California Labor Code, recover penalties and/or other damages owed, specific performance, injunction, liquidated damages, and attorneys' fees, costs, and interest.

18. CORT denies the factual allegations alleged in the operative complaint and denies any of the damages prayed for to Plaintiff or the purported class are owed. Nonetheless, it is clear that Plaintiff's and the purported class's maximum potential aggregated values of the claims asserted are more likely than not to exceed $5 million.

19. Plaintiff's First Cause of Action alleges that "Defendants and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked." (Ex. C, FAC at ¶ 86.) Plaintiff seeks to recover all straight time wages, nominal, actual, and compensatory damages, and penalties owed to Plaintiff and those similarly situated under California Labor Code section 558. (*See* Ex. C, FAC at ¶ 86, 91, 92, and 93.)

20. Plaintiff's Second Cause of Action alleges that Defendant failed to pay overtime when employees worked over 8 hours per day and when employees worked over 40 hours per week. (Ex. C, FAC at ¶ 99.) Plaintiff seeks to recover all overtime wages, interests, attorneys' fees, and penalties owed to Plaintiff and those similarly situated under IWC Wage Order No. 9-2001, item 3(A). (Ex. C, FAC at ¶ 102.)

21. Plaintiff's Third Cause of Action alleges that Defendant failed to provide Plaintiff and the members of the putative class with meal periods, failed to pay premium wages in lieu thereof, and failed to provide them with a second meal period when they work more than 10 hours in a day. (Ex. C, FAC at ¶¶ 105-120.) Specifically, Plaintiff alleges that during the purported Class Period, Defendant had policies or practices of not providing uninterrupted meal or rest periods. *Id.* As a result, Plaintiff alleges that he and the putative class members are entitled to recover the unpaid meal period premium wages, *i.e.*, one (1) hour's pay at the employee's "regular rate," pursuant to California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9. (Ex. C, FAC at ¶ 120-21.)

Plaintiff seeks to recover such amounts from Defendant in this action for a time period of four (4) years prior to the filing of the operative complaint on August 16, 2017. (Ex. C, FAC at ¶ 121.)

22. Thus, accepting the allegations in the operative complaint as true, the amount in controversy per putative class member each year under Plaintiff's Third Cause of Action could be as high as **$4,288,377.60**: *(5 workdays a week, 1 week per pay period, 2 missed meal periods per day) 10 missed meal periods x 16.56/hr (average hourly rate of all current and former non-exempt employees during the purported Class Period) x 52 pay periods in a year =* **$8,611.20** per non-exempt employee for each year of employment in the class period. With 258 non-exempt current employees and 240 non-exempt former employees during the purported Class Period, or 498 total non-exempt employees, the unpaid meal and rest period premium wages are 498 non-exempt employees x $8,611.20 = **$4,288,377.60**.

23. Plaintiff's Fourth Cause of Action alleges that Defendant failed to provide rest periods as required by California law. Specifically, Plaintiff alleges that Defendant "failed to "authorize and permit Non-Exempt Employees to take ten (10) minute rest periods every four (4) hours worked, or major fraction thereof [,]" as required by California Labor Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); and Cal. Code Regs. Title 8 § 11090. (*See* Exhibit C, FAC at ¶¶ 124, 135.) As a result, Plaintiff seeks to recover premium wages and penalties in accordance with California Labor Code section 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); and Cal. Code Regs. Title 8 § 11090. (*See* Ex. C, FAC at ¶ 136).

24. Thus, accepting the allegations in the operative complaint as true, the amount in controversy per putative class member each year under Plaintiff's Fourth Cause of Action could be as high as **$4,288,377.60**: *(5 workdays a week, 1 week per pay period, 2 missed rest periods per day) 10 missed rest periods x 16.56/hr (average hourly rate of all current and former non-exempt employees during the purported Class Period ) x 52 pay periods in a year =* **$8,611.20** x 498 total non-exempt employees = **$4,288,377.60**.

25. Plaintiff's Fifth Cause of Action alleges that Defendant knowingly and intentionally failed to comply with itemized employee wage statement provisions, as required by California Labor Code § 226(a). (Ex. C, FAC at ¶¶ 139-170.) Plaintiff seeks to recover civil penalties, interest,

attorneys' fees and costs pursuant to California Labor Code § 226(e). (Ex. C, FAC at ¶ 170.) Pursuant to California Labor Code § 226(e), an employee who is injured as a result of the employer's knowing and intentional failure to provide itemized wage statements is entitled to recover the greater of his or her actual damages, or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), in addition to costs and attorney fees. Cal. Lab. Code § 226(e). The statute of limitations for California Labor Code § 226(a) claims is one year, and there is a similar one-year statute of limitations for penalties per Cal. Code Civ. Proc. § 340(a).

26. Defendant pays its non-exempt employees weekly, resulting in 52 pay periods per year. Thus, accepting the allegations in the operative complaint as true, the amount in controversy per currently-employed putative class member hired on or before August 16, 2016 (1 year or 52 pay periods) under Plaintiff's Fifth Cause of Action is approximately **$1,032,000.00**: *1 pay period x $50.00 + 52 pay periods x $100* = **$5,250** per such employee, reduced to the statutory maximum penalty of **$4,000** per such employee x *258 current non-exempt employees* = **$1,032,000.00**.

27. Plaintiff's Sixth Cause of Action alleges that Defendant violated California Labor Code §§ 201-203 by failing to pay former employees all wages owed to the employee at the end of his or her employment. (Ex. C, FAC at ¶¶ 173-180.) Plaintiff alleges that Defendant owes waiting time penalties in the amount of a continued payment of wages up to thirty (30) days from the time the wages were due to Plaintiff and members of the putative sub-class of terminated employees pursuant to California Labor Code § 203. (Ex. C, FAC at ¶ 180.) The statute of limitations for claims brought under California Labor Code §§ 201-203 is three years.

28. Defendant has at least 498 current and former non-exempt California employees who meet Plaintiff's class and sub-class definitions and who worked during the purported Class Period. Defendant's employees earn an average hourly wage rate of $16.56 and are paid weekly, *i.e.*, 52 times per year. Using these figures, Defendant's records, and accepting as true the allegations contained in the operative complaint, Defendant has undertaken to quantify the amount in controversy under Plaintiff's First through Sixth Causes of Action. Based on these calculations, the

total amount in controversy exceeds the requisite five million dollars ($5,000,000). Therefore, the amount in controversy requirement is plainly satisfied here. (*See* 28 U.S.C. § 1332(d)(2).)

29. Furthermore, Plaintiff seeks attorneys' fees and would be statutorily entitled to attorneys' fees if the allegations in the operative complaint are accepted as true. Attorney's fees are to be included in the calculation of the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (holding that attorneys' fees must be included in determining the amount in controversy in CAFA removal actions); *see also Chambers v. CVS Pharmacy, Inc.*, 2009 WL 2579661, at *2 (S.D. Cal. Aug. 19, 2009) ("Where a statutory authority provides for attorney's fees, the fees are included in the amount in controversy to reach CAFA's $5,000,000.00."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (finding in a traditional diversity case that attorney fees should be considered in the amount in controversy); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages.").

30. The California Labor Code provides for reasonable fees in any action brought for the nonpayment of wages. Cal. Lab. Code § 218.5. The California Labor Code also provides that an employee seeking overtime is entitled to recover reasonable attorneys' fees. Cal. Lab. Code § 1194. Thus, Plaintiff, and the purported class, may recover reasonable attorneys' fees if they prevail on the wage and overtime claims. Further, this Court has found "the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons*, 209 F. Supp. 2d at 1035.

31. As this Court is likely aware, attorneys' fees in wage an hour cases can be quite large, often exceeding the actual damages. *See Maria Pellegrino, et al. v. Robert Half International, Inc.*, 2008 WL 4694674 (Cal. Sup. Ct. June 10, 2008); *Rousey v. University Professional and Technical Employees*, 2004 WL 3120812 (Cal. Sup. Ct. Sept. 20, 2004); *Martin v. The "Old" Turner Inn*, 2003 WL 22416020 (Cal. Sup. Ct. Feb. 27, 2003); *Mays v. Children's Hospital Los Angeles*, 2016 WL 7975535 (Cal. Sup. Sept. 19, 2016).

32. As such, a reasonable estimation of Plaintiff's attorney fees at 25% of the amount in controversy under Plaintiff's First through Sixth Causes of Actions pushes the total amount in

controversy even higher. As a result, the second requirement for CAFA jurisdiction is satisfied.

### C. Any Class Member Is a Citizen of a Different State Than Any Defendant

33. To find diversity under CAFA, this Court need only find that there is diversity between one putative class member and one defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a). Defendant CORT BUSINESS SERVICES CORP. is a Delaware corporation with its principal place of business in Virginia. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." A corporation's headquarters is presumptively the location of its "principal place of business...." *Hertz v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("[I]n practice [a company's principal place of business] should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination, *i.e.*, the 'nerve center'" ....)

34. For the purposes of federal diversity jurisdiction, Defendant is a citizen of Delaware and Virginia. Plaintiff is a California resident. (Ex. C, FAC at ¶ 28.) Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because Defendant is a citizen of Delaware and Virginia while Plaintiff is a citizen of California.

35. The exceptions to CAFA jurisdiction under 28 U.S.C. § 1332(d)(3) and (d)(4) are inapplicable because Defendant is not a citizen of California. As such, the third requirement for CAFA jurisdiction is satisfied.

## VI. CONCLUSION

36. This Court has original jurisdiction over Plaintiff's claims by virtue of CAFA. This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441.

37. As required by 28 U.S.C. §1446(d), Defendant will provide notice of this removal to Plaintiff through its attorneys of record.

38. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Superior Court of the State of California, in and for the County of Alameda.

39. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that it may have an

opportunity to submit additional evidence as well as points and authorities supporting the removal of this action.

**WHEREFORE**, Defendant removes the above-entitled action to this Court.

Dated: September 21, 2017

DUANE MORRIS LLP

By: /s/ Lorraine P. Ocheltree
Lorraine P. Ocheltree
Joseph A. Ciucci (to seek *pro hac vice* admission)
Attorneys for Defendant CORT Business Services Corporation

## ATTESTATION

I, Patrick S. Salceda, am the ECF user whose identification and password are being used to file this Notice of Removal of Civil Action To Federal Court By Defendant CORT Business Services Corporation. In Compliance with Civil L.R. 5-1(i)(3), I hereby attest that the other signatory to this document has concurred in this filing.

/s/ Patrick S. Salceda
Patrick S. Salceda